**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

**JOEL KENNETH PARKER**                                                                                   **PLAINTIFF**

v.                                          **CASE NO. 3:13CV00160 BSM**

**PILOT TRUCK STOP CORPORATION, et al.**                                            **DEFENDANTS**

## ORDER

Plaintiff Joel Kenneth Parker's complaint is dismissed, as it is barred by the statute of limitations and *res judicata*.

## I. SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). A complaint or portion thereof must be dismissed if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A *pro se*

complaint reviewed under § 1915(e)(2)(B), must be given the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). All factual allegations must be weighed in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

Additionally, to survive a 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows a reasonable inference to be drawn that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556–57. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id.*

## II. DISCUSSION

This action is identical to a prior lawsuit filed by Parker, *Parker v. Pilot Truck Stop Corp., et al.*, Case No. 3:09CV00113JLH ("*Parker I*"). In that case, Parker filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the same defendants named in the present lawsuit, alleging constitutional violations during his 2006 arrest in West Memphis, Arkansas. Several of the defendants were dismissed for failure to state a claim on which relief may be granted, because they were not state actors within the meaning of § 1983. *See Parker I*, Doc. No. 40. Parker's allegations against the remaining defendants were dismissed as barred by

the three-year statute of limitations applicable to § 1983 actions. *Id.*, Doc. No. 89. Parker's appeal to the United States Court of Appeals, Eighth Circuit, was dismissed for failure to prosecute, on May 27, 2011. *Parker I*, Doc. No. 107. In his present complaint, Parker is suing the defendants for Fourth Amendment violations of malicious prosecution, and for conspiring to deprive him of his First, Fourth, Fifth, Eighth, and Fourteenth Amendment rights. His allegations are identical to those asserted in *Parker I*, with the exception of the malicious prosecution allegation.

As noted in *Parker I*, the most appropriate statute of limitations for actions filed pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state whose law is to be applied. *Wilson v. Garcia*, 471 U.S. 261 (1985). The personal injury statute of limitations in Arkansas is three years, as set forth in Ark. Code Ann. § 16-56-105. Thus, as Parker is suing based on actions which occurred in January, 2006, his present complaint, filed on July 1, 2013, is clearly barred by the statute of limitations.

Furthermore, Parker's complaint is barred by *res judicata*. Under *res judicata*, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). *Res judicata* also "precludes the relitigation of a claim on grounds that were raised or could have been raised in the prior action." *Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir. 1990). Furthermore, the present action is the same cause of action as the prior lawsuit if it "arises out of the same nucleus of operative facts as the prior claim." *Id.* at 742. It is clear in this case that Parker's present action is the same as the prior lawsuit, because they both arose from the same nucleus

of operative facts. In addition, Parker is barred from re-litigating that action because the malicious prosecution allegation could have been raised in the prior case.

## III. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Parker's Complaint against defendants is dismissed with prejudice, as barred by the statute of limitations and *res judicata*, and for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitutes a "strike" within the meaning of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

3. It is further certified that an *in forma pauperis* appeal from this order would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

DATED this 10th day of March 2014.

                                                                                 UNITED STATES DISTRICT JUDGE